1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11 RONNIE O. BROWN,                    ) Case No. EDCV11-1855-CAS (DTB)
12
13                    Plaintiff,        ) ORDER TO SHOW CAUSE
14              vs.
15 JOHN DOE, et al.,
16                    Defendants.
17

18      Plaintiff, while a prisoner at the West Valley Detention Center located in
19 Rancho Cucamonga, California, lodged for filing a pro se complaint on October
20 26, 2011, in the Southern District of California. On November 14, 2011, the matter
21 was transferred to the Central District of California, Eastern Division. On November
22 21, 2011, plaintiff filed a Request to Proceed Without Prepayment of Filing Fees
23 With Declaration in Support. On December 8, 2011, the Court granted plaintiff leave
24 to proceed in forma pauperis. Plaintiff's Complaint was filed in this action on
25 December 8, 2011.
26      Pursuant to the Prison Litigation Reform Action, a prisoner shall not be
27 authorized pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding
28 without payment of the full filing fee if such prisoner "has, on 3 or more prior

1

1    occasions, while incarcerated or detained in any facility, brought an action . . . that
2    was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
3    upon which relief may be granted." 28 U.S.C. § 1915(g).

4         The Court has independently reviewed its docket and has ascertained that
5    plaintiff has previously filed numerous federal lawsuits, and that in at least four (4)
6    of these prior cases, the Court has dismissed plaintiff's actions on the grounds that
7    the complaint was frivolous, malicious, or failed to state a claim upon which relief
8    may be granted. Specifically, the Court has ascertained the following: (1) In Ronnie
9    O'Neal Brown v. Leroy Baca, et al., CV07-819-CAS (DTB) plaintiff, while detained
10   at California State Prison - Folsom, lodged for filing this action. After plaintiff filed
11   his Third Amended Complaint, the action was dismissed for failure to state a claim
12   by Judgment dated January 15, 2010, whereby the District Judge adopted the findings
13   of the Report and Recommendation recommending dismissal with prejudice for
14   failure to state a claim (see Exhibit "A" attached hereto); (2) in Ronnie O. Brown v.
15   Dept. Adult Parole Operations, et al., EDCV08-11-UA (JWJ) plaintiff, while detained
16   at California Institution for Men - Chino, lodged for filing this action. On January 31,
17   2008, plaintiff was denied in forma pauperis status on the grounds that the claims in
18   the complaint were legally and/or factually patently frivolous (see Exhibit "B"
19   attached hereto) (see also O'Neal v. Price, 531 F.3d 1146, 1155 (9th Cir. 2008)
20   (dismissal of an in forma pauperis application on grounds claims in action are
21   frivolous constitutes a "strike" under 28 U.S.C. § 1915g); (3) in Ronnie O. Brown v.
22   County of San Bernardino Alternative Defense Panel, et al., EDCV08-1295-UA (JWJ)
23   plaintiff, while a state prisoner at North Kern State Prison, lodged for filing this
24   action. On October 6, 2008, plaintiff was denied in forma pauperis status on the
25   grounds that the claims in the complaint were legally and/or factually patently
26   frivolous (see Exhibit "C" attached hereto) (see also O'Neal 531 F.3d at 1155); and
27   (4) in Ronnie O. Brown v. Lee Baca, et al., CV08-6311-UA (JWJ) plaintiff, also
28   while a state prisoner at North Kern State Prison, lodged for filing this action. On

2

1   October 3, 2008, plaintiff was denied in forma pauperis status on the grounds that the
2   claims in the complaint were legally and/or factually patently frivolous (see Exhibit
3   "D" attached hereto) (see also O'Neal, 531 F.3d at 1155)
4        As referenced above, in each of the cases cited herein, plaintiff alleged that he
5   was incarcerated at the time each of the actions referenced herein were filed.
6        Accordingly, on or before **February 17, 2012**, plaintiff is ORDERED to show
7   cause as to why the order granting him in forma pauperis status in this matter should
8   not be vacated pursuant to 28 U.S.C. § 1915(g), and that the action dismissed without
9   prejudice pending payment of the full filing fee of $350.00.
10
11   DATED: February 2, 2012
12
13
14   _____
15   DAVID T. BRISTOW
     UNITED STATES MAGISTRATE JUDGE
16
17
18
19
20
21
22
23
24
25
26
27
28

3

# EXHIBIT "A"

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RONNIE O. BROWN,                         )     Case No.  CV 07-819-CAS (DTB)
                                         )
                 Plaintiff,              )
                                         )
        vs.                              )          **J U D G M E N T**
                                         )
LEROY BACA, et al.,                      )
                                         )
                 Defendants.             )
_____)

        Pursuant to the Order Adopting Findings, Conclusions and Recommendations of
United States Magistrate Judge,

        IT IS HEREBY ADJUDGED that defendant's Motion to Dismiss is granted and
Judgment be entered dismissing this action without leave to amend and with prejudice.


DATED: January 15, 2010

                                    *Christina A. Snyder*
                                    _____
                                    CHRISTINA A. SNYDER
                                    UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN, | Case No. CV 07-819-CAS (DTB) |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| LEROY BACA, et al., | |
| Defendants. | |

This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## PROCEEDINGS

Plaintiff, a California prisoner presently incarcerated at the California State Prison in Lancaster, filed this pro se civil rights action on February 7, 2007, after being granted leave to proceed in forma pauperis. As best the Court can glean from plaintiff's allegations, the gravamen of plaintiff's claims is that he was denied medication and/or medical treatment for approximately 28 days while plaintiff temporarily was being detained by the Los Angeles County Sheriff's Department ("LACSD"). Plaintiff alleges that, as a result, he suffered severe brain damage.

1

1    On July 17, 2009, plaintiff filed a Third Amended Complaint ("TAC"), the
2    operative pleading herein. On July 27, 2009, the matter was transferred to this Court's
3    calendar. In the TAC, plaintiff purports to name as defendants the County of Los
4    Angeles, Sheriff Leroy Baca, and J. McKoun. The only defendant, however, who has
5    been served herein is Sheriff Baca. Plaintiff purports to raise four claims against
6    unspecified defendants: (1) the denial of adequate medical treatment pursuant to the
7    Eighth and Fourteenth Amendments[1]; (2) denial of procedural due process pursuant
8    to the Fourteenth Amendment in connection with LACSD policies regarding prisoner
9    requests for medical care and the filing of grievances; (3) the denial of plaintiff's
10   "right to be heard by prison grievance" purportedly pursuant to the First, Eighth, and
11   Fourteenth Amendments; and (4) the denial of accommodation for plaintiff's
12   blindness pursuant to Title II of the Americans with Disabilities Act ("ADA").
13   Plaintiff seeks only compensatory and punitive damages.
14       On July 28, 2009, defendant Sheriff Baca filed a Motion to Dismiss pursuant
15   to Rule 12(b)(6) together with an unenumerated Rule 12(b) Motion with respect to the
16   issue of exhaustion ("Motion"). The Motion is accompanied by a Memorandum of
17   Points and Authorities ("Motion Mem.") and a Declaration of Deputy Christina
18   Shilinga ("Decl. Shilinga") with attached exhibits. Defendant contends that the TAC
19   should be dismissed for the following reasons: (a) plaintiff has failed to allege Sheriff
20   Baca's involvment in the claimed constitutional violations; (b) plaintiff failed to
21   exhaust his administrative remedies for some of his claims; and (c) plaintiff cannot
22   state a claim pursuant to the ADA. Plaintiff filed a 48-page opposition ("Opp.") on

---

26   [1]    The Court notes that, although plaintiff was a detainee at the time of the
27   alleged incidents, his claims of deliberate indifference to his medical needs arise
     pursuant to the Eighth Amendment because, according to plaintiff, he was at that time
28   a state prisoner in the temporary custody of the LACSD. (See TAC, Ex. A).

2

1  September 11, 2009,[2] accompanied by plaintiff's declaration and attached exhibits
2  pertaining to the issue of exhaustion of administrative remedies. Defendants filed a
3  reply thereto on September 25, 2009.

4      For the reasons set forth below, the Court now recommends that the Motion be
5  granted, and that the TAC be dismissed without leave to amend.

6

7                          **STANDARD OF REVIEW**

8      A complaint may be dismissed as a matter of law for failure to state a claim for
9  two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a
10 cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

11

---

12      [2]    On September 21, 2009, plaintiff filed a "Notice of Supplemental
13 Memorandum of Points and Authorities to Defendants [sic] Motion to Dismiss the
14 Third Amended Complaint" ("Supp. Auth."). Because plaintiff failed to seek leave
   of Court to file supplemental points and authorities as is required by the Federal Rules
15 of Civil Procedure, the Court advised plaintiff in a Minute Order of October 1, 2009,
16 that it would not consider the Supp. Auth. in ruling on defendant's Motion. The
   Court, however, has examined plaintiff's Supp. Auth., and it appears primarily to
17 assert the incorrect argument that defendant is unable to raise plaintiff's purported
18 failure to exhaust in a motion to dismiss. Failure to exhaust, however, is "subject to
19 an unenumerated Rule 12(b) motion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
   Cir. 2003) (citing Ritza v. International Long-shoremen's and Warehousemen's
20 Union, 837 F.2d 365, 368 (9th Cir. 1988)). Further, in his Opposition, plaintiff
21 appears to be raising additional claims pursuant to state law. (See Opp. at 8-9).
22 Because an opposition is not an appropriate place for a plaintiff to raise additional
   claims, and in view of the Court's recommendation, below, that plaintiff's federal
23 claims be dismissed without leave to amend, the Court recommends that supplemental
24 jurisdiction be declined over any possible state law claims plaintiff may be purporting
25 to allege against any of the named defendants. See 28 U.S.C. § 1367(c)(3)(if the
   district court has dismissed all claims over which it has original jurisdiction, the court
26 has discretion to decline supplemental jurisdiction over plaintiff's state law claims);
27 see also Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist.
   of California, 24 F.3d 1545, 1555-56 (9th Cir. 1994); Schneider v. TRW, Inc., 938
28 F.2d 986, 993-94 (9th Cir. 1991).

                                    3

(9th Cir. 1990). Since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Further, in determining whether the Complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, with respect to plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. ... Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'." (citing Twombly, 550 U.S. at 570)).

## DISCUSSION

I. **Plaintiff's TAC still fails to state a claim under the Eighth Amendment against the LACSD, Sheriff Baca, or defendant McKoun.**

In his TAC, plaintiff alleges the following facts pertaining to his claim that defendants allegedly provided inadequate medical care: (1) "plaintiff was denied adequate medical care, and care to treat a handicapp [sic] legally blind person requiring grooming, feeding, bathing, and clothing assistance while detained by defendant Baca" (TAC at 5); (2) plaintiff was "denied medical treatment" (TAC at 6, 7); (3) Sheriff Baca "received plaintiff into his custody" and "was advised by [the] California Department of Corrections [that] plaintiff was under care of [a]

4

1  psychiatrist" but plaintiff's documents were lost (TAC at 7); and (4) "plaintiff was
2  denied medication for over 28 days and suffered severe brain damage" (TAC at 6, 7).
3      In order to establish an Eighth Amendment claim based on inadequate medical
4  care, plaintiff must show that a specific defendant was deliberately indifferent to his
5  serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475,
6  125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed
7  2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled
8  on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).
9  Deliberate indifference to the serious medical needs of a prisoner constitutes the
10 "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment.
11 See McKinney, 509 U.S. at 32; Estelle, 429 U.S. at 104; McGuckin, 974 F.2d at 1059.
12 Deliberate indifference may be manifested by the intentional denial, delay or
13 interference with the plaintiff's medical care, or by the manner in which the medical
14 care was provided. See Estelle, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.
15 However, the defendant must purposefully ignore or fail to respond to the plaintiff's
16 pain or medical needs. See McGuckin, 974 F.2d at 1060. Plaintiff must allege that,
17 subjectively, defendants had a "sufficiently culpable state of mind" when they refused
18 medical care. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (quoting Wallis
19 v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). The defendant must "both be aware
20 of the facts from which the inference could be drawn that a substantial risk of serious
21 harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825,
22 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Thus, an inadvertent failure to
23 provide adequate medical care, mere negligence or medical malpractice, a mere delay
24 in medical care (without more), or a difference of opinion over proper medical
25 treatment, are all insufficient to constitute an Eighth Amendment violation. See
26 Estelle, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);
27 Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir.
28 1985).

1    Moreover, a determination of "deliberate indifference" must involve an

2    examination of the seriousness of plaintiff's medical need. "[D]eliberate indifference

3    to medical needs amounts to an Eighth Amendment violation only if those needs are

4    'serious.'" McGuckin, 974 F.2d at 1059 (citing Hudson v. McMillian, 503 U.S. 1,

5    112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)). "A 'serious' medical need exists if

6    the failure to treat a prisoner's condition could result in further significant injury or

7    the 'unnecessary and wanton infliction of pain.'" Id. (citing Estelle, 429 U.S. at 104).

8    Indications of such a need include "[t]he existence of an injury that a reasonable

9    doctor or patient would find important and worthy of comment or treatment; the

10   presence of a medical condition that significantly affects an individual's daily

11   activities; or the existence of chronic and substantial pain." Id. at 1059-60.

12   Here, to the extent that plaintiff is purporting to raise any claims pertaining to

13   the alleged failure by defendants to provide adequate medical care, plaintiff has failed

14   to name any responsible jail officials. To state a claim against a particular defendant

15   in his or her individual capacity for violation of his civil rights under 42 U.S.C. §

16   1983, plaintiff must allege that the defendant, acting under color of state law, deprived

17   plaintiff of a right guaranteed under the Constitution or a federal statute. See Karim-

18   Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within

19   the meaning of section 1983, if he does an affirmative act, participates in another's

20   affirmative acts, or omits to perform an act which he is legally required to do that

21   causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d

22   628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

23   1978).

24   Thus, supervisory personnel generally are not liable under 42 U.S.C. § 1983 on

25   any theory of respondeat superior or vicarious liability in the absence of a state law

26   imposing such liability. See, e.g., Redman v. County of San Diego, 942 F.2d 1435,

27   1446 (9th Cir. 1991) (en banc). A supervisory official may be liable under § 1983

28   only if he or she was personally involved in the constitutional deprivation, or if there

1    was a sufficient causal connection between the supervisor's wrongful conduct and the

2    constitutional violation. See id. at 1446-47. As recently stated by the Supreme Court,

3    "in a § 1983 suit or a Bivens action - where masters do not answer for the torts of their

4    servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability,

5    each government official, his or her title notwithstanding, is only liable for his or her

6    own misconduct." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

7

8            Further, to premise a supervisor's alleged liability on a policy promulgated by

9    the supervisor, plaintiff must identify a specific policy and establish a "direct causal

10   link" between that policy and the alleged constitutional deprivation. See, e.g., City

11   of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989);

12   Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

13           Finally, to the extent that plaintiff is attempting to state a claim against the

14   LACSD, Sheriff Baca, or any sheriff's deputy in his or her official capacity, the

15   Supreme Court has held that an "official-capacity suit is, in all respects other than

16   name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,

17   166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S.

18   464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles,

19   946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official

20   personally, for the real party in interest is the entity." Graham, supra. Further, a local

21   government entity "may not be sued under § 1983 for an injury inflicted solely by its

22   employees or agents. Instead, it is when execution of a government's policy or

23   custom, whether made by its lawmakers or by those whose edicts or acts may fairly

24   be said to represent official policy, inflicts the injury that the government as an entity

25   is responsible under § 1983." Monell v. New York City Department of Social Servs.,

26   436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The local government

27   entity may not be held liable for the acts of its employees unless "the action that is

28   alleged to be unconstitutional implements or executes a policy statement, ordinance,

7

1    regulation, or decision officially adopted or promulgated by that body's officers," or

2    if the alleged action was "pursuant to a governmental 'custom' even though such a

3    custom has not received formal approval through the body's official decision-making

4    channels." <u>Monell</u>, 436 U.S. at 690-91; <u>see also</u> <u>Redman</u>, 942 F.2d at 1443-44. Thus,

5    plaintiff cannot state a claim against any defendant herein in his or her official

6    capacity, or against the LACSD, unless he sufficiently alleges that: (1) he was

7    deprived of his constitutional rights by defendant and its employees acting under color

8    of state law; (2) defendant has a custom or policy that amounts to "deliberate

9    indifference" to plaintiff's constitutional rights; and (3) defendant's custom or policy

10   was the "moving force behind the constitutional violation[s]." <u>Lee v. City of Los</u>

11   <u>Angeles</u>, 250 F.3d 668, 681-82 (9th Cir. 2001).

12          In his TAC, plaintiff names Sheriff Baca as a defendant, but plaintiff once again

13   fails to allege that Sheriff Baca was personally involved in any of the alleged

14   constitutional deprivations, nor has plaintiff identified any particular policy or policies

15   promulgated by Sheriff Baca that allegedly had a direct causal link to the alleged

16   failure to provide adequate medical care.  Plaintiff raises numerous allegations

17   pertaining to policies allegedly established or promulgated by Sheriff Baca, but even

18   accepting plaintiff's allegations of material fact as true and construing them in the

19   light most favorable to plaintiff, all of these policies pertain to the LACSD's failure

20   to provide an adequate administrative review system for detainees. (<u>See</u>, <u>e.g.</u>, "Baca

21   intentionally denied a procedural means of remedy to apply for a reasonable

22   accommodation for a known disability" (TAC at 5); Baca permitted "inmates to be

23   denied a procedural means of due process of law to receive a notice of instructions,

24   polices, or procedures [on] how to request dental care, optometry care, medical care,

25   and refused to institute a policy that would inform inmates of a time limit to file

26   grievances or appeal and had no forms available to plaintiff" (TAC at 6); Baca

27   "ratified a custom or policy that would tolerate all sheriff deputies to ignore inmates

28   request [sic] for complaint forms and denied plaintiff a procedural remedy to request

8

1  medical attention" (TAC at 6); Sheriff Baca's polices "failed to allow plaintiff to use
2  a specified grievance procedure of [sic] appeal process that was documented or clearly
3  annotated and comprehensibly written" (TAC at 8); Baca's polices "failed to provide
4  institutional and/or departmental staff to provide assistance necessary to ensure that
5  inmates who are disabled or handicapped ... would have access to appeal/grievances"
6  (TAC at 8)).

7      Despite having previously been advised by the then-assigned Magistrate
8  Judge's "Order Granting Defendants' Motions to Dismiss" and again in the
9  "Memorandum and Order Granting Motion to Dismiss with Leave to Amend" that the
10  allegations in his Complaint and First Amended Complaint were insufficient to state
11  a claim against Sheriff Baca in his individual capacity because plaintiff failed to allege
12  that Sheriff Baca was personally involved in the alleged constitutional deprivations,
13  plaintiff still has failed to remedy this deficiency. Although plaintiff's TAC includes
14  vague references to Sheriff Baca's policies that resulted in an alleged failure to have
15  "forms" available on which a detainee could request medical care, plaintiff raises no
16  factual allegations that plaintiff personally requested medical care in any manner or
17  sought any form on which to request medical care during his detention. Further,
18  plaintiff has altogether failed to allege that any policy promulgated by Sheriff Baca
19  caused the constitutional violation of which he complains. Moreover, plaintiff has
20  failed to raise any allegations that any action taken by, or policy promulgated by,
21  Sheriff Baca was the cause of plaintiff having been "denied medication for over 28
22  days." (TAC at 6). Accordingly, the Court finds that plaintiff's factual allegations
23  against Sheriff Baca in his individual capacity are insufficient to "raise a right to relief
24  above the speculative level." Twombly, 550 U.S. at 555.

25      In addition, to the extent that plaintiff may be purporting to raise a claim under
26  the Eighth Amendment against Sheriff Baca in his official capacity or against the
27  LACSD, plaintiff merely raises vague allegations such as that the unspecified facility
28  in which he was being held "had no forms available for plaintiff to use to demand

9

1  necessary medical treatment" (TAC at 6), and that Sheriff Baca allowed a custom for
2  Sheriff Deputies to "ignore inmates['] request [sic] for complaint forms" (TAC at 6).
3  Even accepting these allegations as true, plaintiff has failed to allege that the LACSD
4  had in place any custom or policy that amounted to deliberate indifference to
5  plaintiff's constitutional rights.  Nor has plaintiff raised any reasonable inference that
6  any alleged custom or policy pertaining to the availability of complaint forms was the
7  "moving force behind" the alleged unconstitutional deprivation of plaintiff's
8  medication.   Lee, 250 F.3d at 681-82.  Accordingly, the Court finds that the
9  allegations of plaintiff's TAC fail to state a claim pursuant to the Eighth Amendment
10  against the LACSD or against any LACSD official in his or her official capacity.

11  Moreover, although plaintiff has added J. McKoun[3] as a defendant in the TAC,
12  plaintiff raises no factual allegations that defendant McKoun did an affirmative act,
13  participated in another's affirmative act, or failed to perform an act which he was
14  legally required to do that allegedly caused the constitutional deprivation of which
15  plaintiff complains.  The only specific allegation against McKoun is that he was
16  "given" a grievance that plaintiff filed pertaining to plaintiff's allegedly inadequate
17  medical care and "did nothing about it." (TAC at 7). However, the mere participation
18  of McKoun in plaintiff's administrative grievance process is an insufficient basis on
19  which to state a federal civil rights claim against the defendant. See, e.g., George v.
20  Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or
21  participate in civil rights violations can be held responsible and that "[r]uling against
22  a prisoner on an administrative complaint does not cause or contribute to the
23

24  [3]  Although McKoun has not been served herein and is not a party to
25  Motion, the Court has screened the TAC with respect to the allegations against
   McKoun in accordance with the terms of the "Prison Litigation Reform Act of 1995"
26  ("PLRA") for purposes of determining whether the action is frivolous or malicious;
27  or fails to state a claim on which relief may be granted; or seeks monetary relief
   against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2),
28  1915A(b); 42 U.S.C. § 1997e(c)(1).

1  violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison

2  officials whose only roles involved the denial of the prisoner's administrative

3  grievances cannot be held liable under § 1983); Wright v. Shapirshteyn, No. CV 1-06-

4  0927-MHM, 2009 WL 361951, *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a

5  defendant's only involvement in the allegedly unconstitutional conduct is the denial

6  of administrative grievances, the failure to intervene on a prisoner's behalf to remedy

7  alleged unconstitutional behavior does not amount to active unconstitutional behavior

8  for purposes of § 1983"); Velasquez v. Barrios, No. 07cv1130-LAB (CAB), 2008 WL

9  4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a

10  prisoner's grievances is an insufficient basis for relief through a civil rights action.").

11      The Court therefore finds that plaintiff's allegations in the TAC are insufficient

12  to state a claim under the Eighth Amendment against any defendant.

13

14  **II.   Plaintiff's allegations are insufficient to state a claim under the ADA.**

15      Plaintiff purports to be alleging a claim pursuant to the ADA for failure to

16  provide "reasonable accommodation for a known disability as [a] legally blind

17  person." (TAC at 5).[4] Plaintiff, however, altogether fails to set forth any factual

18  allegations pertaining to the way in which the accommodations he was provided

19  during his brief detention were inadequate. Plaintiff merely alleges that Sheriff Baca

20  "denied handicapp [sic] disabled inmates access to safe living conditions by housing

21  a legally blind plaintiff in path of travel of [sic] stairs, and to be housed where no staff

22

23        [4]    The Court notes that, to the extent that plaintiff's claims pursuant to the

24  ADA may arise from the alleged failure of the LACSD to provide disabled detainees

25  with an adequate grievance procedure, defendants have adduced evidence, discussed

26  below, in connection with their unenumerated Rule 12(b) motion with respect to the

26  issue of exhaustion that plaintiff lodged six inmate complaints during the period

27  between September 29, 2006 and October 27, 2006. (See Decl. Shilinga ¶¶ 9, 12, Ex.

28  A). In deciding such a Motion, "the court may look beyond the pleadings and decide

disputed issues of fact." See Wyatt, 315 F.3d at 1120.

Case 2:07-cv-00019-CAS-DTB   Document 156   Filed 12/02/09   Page 12 of 21   Page ID
Case 5:11-cv-01855-CAS-DTB   Document 12   Filed 02/02/12   Page 17 of 49   Page ID #:70
#:857

1  monitor's [sic] the dwelling place of a blind inmate." (TAC at 6).

2

3        A.    Federal law

4        Title II of the ADA provides that "no qualified individual with a disability shall,

5  by reason of such disability, be excluded from participation in or be denied the

6  benefits of the services, programs, or activities of a public entity, or be subject to

7  discrimination by such entity." 42 U.S.C. § 12132. To establish violation of Title II

8  of ADA, a plaintiff must show that: (1) he or she is a qualified individual with a

9  disability; (2) he or she was excluded from participation in or otherwise discriminated

10 against with regard to a public entity's services, programs, or activities; and (3) such

11 exclusion or discrimination was by reason of his or her disability.  See Lovell v.

12 Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Although the term "public entity"

13 includes state prisons, see Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206,

14 210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998), it does not include individuals being

15 sued in their individual capacities. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th

16 Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate

17 rights created by Title II of the ADA); Alsbrook v. City of Maumelle, 184 F.3d 999,

18 1005 n.8 (8th Cir. 1999) (en banc) (plaintiff cannot sue government actors in

19 individual capacities for the alleged violations of the ADA).  Moreover, the ADA

20 applies to the Los Angeles County Jails' services, programs, and activities for

21 detainees.   See Pierce v. County of Orange, 519 F.3d 985, 1008 (9th Cir.) (as

22 amended), cert. denied, 129 S. Ct. 597 (2008).

23        In addition, to recover monetary damages under Title II of the ADA, a plaintiff

24 must establish intentional discrimination on the part of the public entity. See Mark

25 H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008) ("a public entity can be liable for

26 damages under §504 if it intentionally or with deliberate indifference fails to provide

27 meaningful access or reasonable accommodation to disabled persons"); Duvall v.

28 County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001); Ferguson v. City of Phoenix,

1   157 F.3d 668, 674 (9th Cir. 1998).

2

3         B.    <u>Application</u>

4        First, to the extent that plaintiff may be purporting to allege a claim pursuant

5 to the ADA against Sheriff Baca (or any other LACSD official) in his individual

6 capacity, plaintiff may not raise a claim pursuant to the ADA against a public official

7 in his or her individual capacity. <u>See</u> <u>Vinson</u>, 288 F.3d at 1156.

8        Further, to the extent that plaintiff may be purporting to allege that the LACSD

9 violated the ADA by failing to provide adequate medical treatment for his disabilities,

10 such a claim does not fall within the provisions of the ADA. <u>See, e.g.</u>, <u>Alexander v.</u>

11 <u>Tilton</u>, 2009 WL 464486, at *7, 2009 U.S. Dist. LEXIS 20179 (E.D. Cal. Feb. 24,

12 2009) (collecting cases and noting that "other courts have found that the ADA and

13 [the Rehabilitation Act] do not create a federal cause of action for prisoners

14 challenging the medical treatment provided for their underlying disabilities"); <u>Burger</u>

15 <u>v. Bloomberg</u>, 418 F.3d 882, 883 (8th Cir. 2005) (holding that claims pursuant to the

16 ADA or the Rehabilitation Act "cannot be based on medical treatment decisions");

17 <u>Grzan v. Charter Hosp. of Northwest Indiana</u>, 104 F.3d 116, 121-22 (7th Cir. 1997)

18 ("Allegations of discriminatory medical treatment do not fit into the four-element

19 framework required by section 504 [of the Rehabilitation Act].").

20        Finally, to the extent that plaintiff may be purporting to raise a claim pursuant

21 to the ADA against Sheriff Baca in his official capacity or against the LACSD,

22 plaintiff's TAC fails to sets forth any factual allegations that he was excluded from

23 participation in, or otherwise discriminated against with regard to, any services,

24 programs, or activities, or that such exclusion or discrimination was by reason of his

25 disability. Although plaintiff vaguely alleges that he was at some point during his

26

27

28

                                          13

1  brief detention by the LACSD[5] housed in an unspecified situation where he was "in
2  path of travel of stairs" and were he was not "monitored" by staff, plaintiff does not
3  state any facts from which it could reasonably be inferred that plaintiff sought any
4  more appropriate housing, or that his housing was assigned or denied intentionally
5  because of his disability. Although the court must construe a pro se plaintiff's
6  complaint liberally, plaintiff nonetheless must allege a minimum factual and legal
7  basis for each claim that is sufficient to give each defendant fair notice of what
8  plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United
9  States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932
10 F.2d 795, 798 (9th Cir. 1991).

11     Accordingly, the Court finds that plaintiff's allegations fail to state a claim for
12 monetary damages pursuant to the ADA against any defendant.

14     C.     Additionally, plaintiff failed to exhaust his administrative remedies

15     Defendant Baca contends that plaintiff failed to exhaust his administrative
16 remedies with respect to his claims pursuant to the ADA. (See Motion Mem. at 11-
17 12). In his Opposition, plaintiff contends that he did exhaust his ADA claim, and that
18 evidence is attached to his declaration as Exhibits D and E. (See Opp. at 12-34).

20          1.     The exhaustion of administrative remedies requirement

21     As part of the PLRA, Congress amended and strengthened the requirement that
22 prisoners pursuing civil rights claims under 42 U.S.C. § 1983, or another federal

---

25     [5]     Plaintiff's TAC lists one date–September 29, 2007–as the date of the
violations, but his attached exhibits indicate that the alleged discrimination in
26 violation of the ADA occurred between September 29, 2007 and October 29, 2007.
27 (See TAC at 3, Ex. B). As set forth above, however, the records of the LACSD
indicate that plaintiff was detained between September 29, 2006 and October 27,
28 2006.

1 statute,[6] must first exhaust administrative remedies. As amended, 42 U.S.C. § 1997e
2 (a) provides:

3           "No action shall be brought with respect to prison conditions
4           under section 1983 of this title, or any other Federal law, by a prisoner
5           confined in any jail, prison, or other correctional facility until such
6           administrative remedies as are available are exhausted."

7

8       The Supreme Court has held that the PLRA requires a prisoner to complete any
9 prison administrative process capable of addressing the inmate's complaint and
10 providing some form of relief, even if the prisoner seeks money damages and such
11 relief is not available under the administrative process. See Booth v. Churner, 532
12 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Moreover, "the PLRA's
13 exhaustion requirement applies to all inmate suits about prison life, whether they
14 involve general circumstances or particular episodes, and whether they allege
15 excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct.
16 983, 152 L. Ed. 2d 12 (2002). Thus, the exhaustion requirement applies to all
17 prisoners seeking redress for any complaint concerning prison conditions or
18 occurrences. See Porter, 122 S. Ct. at 986; see also Jones v. Bock, 549 U.S.199, 127
19 S. Ct. 910, 166 L. Ed. 2d 798, 810 (2007) ("There is no question that exhaustion is
20 mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

21       The Supreme Court also has held that § 1997e(a) creates an affirmative defense
22 and, therefore, "inmates are not required to specially plead or demonstrate exhaustion
23 in their complaints." See Jones, 127 S. Ct. at 921. Further, the Ninth Circuit has long
24 held that defendants have the burden of raising and proving plaintiff's failure to

25 _____

26       [6]    The PLRA's exhaustion requirement applies equally to claims raised
27 pursuant to the ADA. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th
Cir. 2007) (holding that "the PLRA requires administrative exhaustion of ADA and
28 Rehabilitation Act claims").

1  exhaust. See Wyatt, 315 F.3d at 1119. In addition, it is clear that "§1997e(a) requires
2  exhaustion **before** the filing of a complaint and that a prisoner does not comply with
3  this requirement by exhausting available remedies during the course of the litigation."
4  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (emphasis added); see also
5  Woodford v. Ngo, 548 U.S. 81, 93-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006);
6  Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006) ("PLRA requires that a
7  prisoner exhaust administrative remedies before submitting any papers to the federal
8  court"); Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005) ("a prisoner may not
9  proceed to federal court while exhausting administrative remedies"). If a prisoner has
10 not completed his administrative remedies before filing his federal suit, the court must
11 dismiss the action without prejudice to the prisoner filing a new action after he has
12 completed his administrative remedies. See McKinney, 311 F.3d at 1200-01. Finally,
13 a prisoner "must complete the administrative review process in accordance with the
14 applicable rules, including deadlines, as a precondition to bringing suit in federal
15 court." See Ngo, 126 S. Ct. at 2384.

16     Further, because the PLRA exhaustion requirement is not jurisdictional, the
17 Ninth Circuit held in Wyatt that a failure to exhaust administrative remedies "should
18 be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b)
19 motion." Wyatt, 315 F.3d at 1119 (citing Ritza, 837 F.2d at 368). Here, defendants
20 have filed an unenumerated Rule 12(b) Motion with respect to the issue of exhaustion.
21 In deciding such a motion, "the court may look beyond the pleadings and decide
22 disputed issues of fact." See Wyatt, 315 F.3d at 1120.

24     2.     The exhaustion procedure for the Los Angeles County Jails
25     According to the evidence adduced by defendants, the administrative remedy
26 procedure for inmates in the custody of the LACSD is initiated when an inmate
27 deposits an inmate complaint form (or any written complaint) in one of the "Inmate
28 Complaint" boxes located in each area of inmate housing, or when he hands the

1   complaint to any staff employee. If the inmate is not satisfied with the response to his

2   initial complaint, he may appeal to the Watch Commander and then to the

3   Captain/Unit Commander.   After reviewing the investigation into the inmate's

4   complaint, the Watch Commander forwards the complaint to the Complaint

5   Coordinator, who then is responsible for entering the data pertaining to the complaint

6   into the "Facilities Automated Statistical Tracking System." (See Decl. Shilinga ¶¶

7   3-7).

8

9                    3.    The record of plaintiff's administrative grievances

10          Defendants have adduced evidence that plaintiff was processed by the LACSD

11   at the County of Los Angeles Inmate Reception Center on September 29, 2006. He

12   was transferred to the Twin Towers Correctional Facility on October 2, 2006, where

13   he was held until his release by the LACSD into the custody of the Tehachapi

14   California Correctional Institute on October 27, 2006. (See Decl. Shilinga ¶ 9).

15          During his detention by the LACSD, six inmate complaints were lodged by

16   plaintiff or on plaintiff's behalf by the American Civil Liberties Union ("ACLU").

17   (See Decl. Shilinga ¶¶ 12, 14, Ex. A).  Each of plaintiff's grievances raised issues

18   pertaining to the denial of blood pressure and psychotropic medication. (See Decl.

19   Shilinga ¶ 12).  None of the grievances mentioned any deprivation of service or

20   accommodation pertaining to plaintiff's handicaps. (See Decl. Shilinga ¶ 12).  The

21   exhibits attached to Shilinga's Declaration reflect that plaintiff filed four grievances

22   that were described at least in part as "medical services" or "mental health services,"

23   and two additional grievances described as "release info/sentence."   (See Decl.

24   Shilinga, Ex. A).  Of the grievance forms that are attached, four reflect plaintiff's

25   complaints concerning the failure to receive his mediation and other "medical

26   attention." (See Decl. Shilinga, Ex. A at 19-24, 26-33).  None of the grievances

27   mention any disability, nor raise plaintiff's allegations that he was denied

28   accommodations or services because of any disability.

                                          17

1    In his Opposition, plaintiff contends that the LACSD lacked the necessary
2 forms for a visually-impaired person to file a grievance and that "all six complaint's
3 [sic] retained by Baca was [sic] filed on behalf of [plaintiff] by the American Civil
4 Liberties Union." (See Opp. at 7). Plaintiff argues that he "was unable to submit a
5 grievance." (See Opp. at 17). Further, plaintiff contends he has adduced evidence
6 that he exhausted his claims as his Exhibits D and E. (See Opp. at 6). Plaintiff's
7 Exhibit D consists of copies of undated letters that plaintiff appears to have written
8 to the Federal Bureau of Investigation and to Senator Barbara Boxer pertaining to the
9 denial of medication while he previously was detained by the LACSD. (See Opp., Ex.
10 D). Plaintiff's Exhibit E is a request that plaintiff made to the LACSD seeking
11 documentation regarding information provided to inmates. (See Opp., Ex. E). In
12 addition, plaintiff's Exhibit B includes a form complaint to the United States
13 Department of Justice pertaining to a complaint under the ADA regarding plaintiff's
14 confinement in the "Men's Central Jail," between September 29, 2007 and October
15 29, 2007. Plaintiff dated that form on October 17, 2007 and states that he also filed
16 a complaint with the "Commission of Civil Rights" on October 10, 2007. (See Opp.,
17 Ex. B, B-2 to B-4). Plaintiff's Exhibit C consists of a disability complaint form that
18 appears to pertain to plaintiff that is dated August 19, 2008. (See Opp., Ex. C).
19
20              4.    Application

21    The Court concurs with defendant Sheriff Baca that plaintiff has failed to
22 exhaust his claim that defendants failed to provide reasonable accommodations for
23 plaintiff as a blind or disabled detainee. The uncontested evidence reflects that
24 plaintiff successfully filed numerous administrative grievances while detained by the
25 LACSD.    None of these grievances mention any failure by defendants to
26 accommodate any type of disability. Although plaintiff argues in his Opposition that
27 all of his complaints were filed by the ACLU and not by plaintiff, plaintiff's own
28 evidence belies this. Attached to his Opposition as part of his Exhibit A are copies of

18

1 | two "Inmate Complaint Forms," each of which was written in the first person by an
2 | inmate purporting to be plaintiff; both pertain to plaintiff's claim that he was denied
3 | medication. (See Opp., Ex. A; see also Decl. Shilinga, Ex. A at 21-24, 30-33).
4 | Further, the LACSD entered complaints it received on plaintiff's behalf by the ACLU
5 | and investigated those complaints as if they had been filed by plaintiff. (See Decl.
6 | Shilinga, Ex. A at 18-20, 26, 29). Plaintiff, however, failed to notify the LACSD in
7 | any of his grievances that he believed that he was being denied reasonable
8 | accommodations for his disabilities.

9 | As the Ninth Circuit recently clarified, "[t]he primary purpose of a grievance
10 | is to alert the prison to a problem and facilitate its resolution." Griffin v. Arpaio, 557
11 | F.3d 1117, 1120 (9th Cir. 2009); see also Jones, 549 U.S. at 203 ("Requiring
12 | exhaustion allows prison officials an opportunity to resolve disputes concerning the
13 | exercise of their responsibilities before being haled into court."). The Ninth Circuit
14 | further clarified that a grievance "need not contain every fact necessary to prove each
15 | element of an eventual legal claim," but it must "provide notice of the harm being
16 | grieved." Griffin, supra. As the Supreme Court has emphasized, proper compliance
17 | with the institution's grievance procedures is all that is required to satisfy the
18 | exhaustion requirement of the PLRA. See Jones, 127 S. Ct. 910, 922-23. Here, the
19 | uncontested evidence reflects that defendants did not receive notice that plaintiff was
20 | being harmed by any failure to accommodate his disabilities. Plaintiff's exhibits to
21 | his Opposition are of no avail. The letters to outside agencies reflected in plaintiff's
22 | Exhibits D and E neither satisfy the requirement that plaintiff comply with the
23 | institute's rules for its grievance procedure, nor provide notice to LACSD officials of
24 | plaintiff's purported harm. Further, plaintiff's Exhibits B and C that do reflect
25 | complaints plaintiff lodged with outside agencies pertaining to plaintiff's disability
26 | were filed in October, 2007, and August, 2008, both long after plaintiff had initiated
27 | his federal civil rights case herein. It long has been clear that "§1997e(a) requires
28 | exhaustion **before** the filing of a complaint and that a prisoner does not comply with

19

1  this requirement by exhausting available remedies during the course of the litigation."

2  McKinney, 311 F.3d at 1199.

3        Accordingly, the Court finds that plaintiff failed to comply with the

4  requirements of §1997e(a) that he exhausted his administrative remedies before filing

5  a federal civil rights complaint.

6

7  **III.    Plaintiff's cannot state a federal civil rights claim for failure to provide an**

8         **adequate grievance procedure.**

9        To the extent that plaintiff may be purporting to state a claim pursuant to the

10  Due Process Clause of the Fourteenth Amendment against defendants based on their

11  alleged failure to properly address or process his administrative grievances, or their

12  alleged failure to provide adequate forms or instructions on which to raise his

13  grievances, plaintiff's allegations are insufficient to state a federal civil rights claim.

14  Plaintiff has no constitutional right to an effective grievance or appeal procedure. See

15  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no

16  constitutional right to an effective grievance or appeal procedure); Mann v. Adams,

17  855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

18  1993) ("[A prison] grievance procedure is a procedural right only, it does not confer

19  any substantive right upon the inmates."). Moreover, the guarantee of procedural due

20  process under the Fourteenth Amendment applies only when a constitutionally

21  protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S.

22  651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); Board of Regents v. Roth, 408 U.S.

23  564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); Erickson v. United States, 67 F.3d

24  858, 861 (1995). A state's inmate administrative appeal system does not implicate a

25  liberty interest protected by the Due Process Clause. See, e.g., Antonelli v. Sheahan,

26  81 F.3d 1422, 1430 (7th Cir. 1996).

27

28  **IV.    The TAC should be dismissed without leave to amend.**

20

1    Because plaintiff is appearing herein pro se, he must be given leave to amend
2  his TAC unless it is absolutely clear to the Court that the deficiencies of the TAC
3  cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.
4  1987). As discussed above, the court has on two prior occasions advised plaintiff that
5  his allegations were insufficient to state a claim against Sheriff Baca because plaintiff
6  failed to allege that Sheriff Baca was personally involved in the alleged constitutional
7  deprivations. Because plaintiff repeatedly has failed to remedy the deficiencies in his
8  claims pursuant to the Eighth Amendment after being provided with opportunities in
9  which to do so, it has become absolutely clear to the Court that plaintiff cannot cure
10  the deficiencies in his TAC by amendment. Further, as is discussed above, plaintiff
11  failed to exhaust his administrative remedies with respect to any claims pursuant to
12  the ADA prior to filing suit herein. Accordingly, leave to amend this claim would be
13  futile. See, e.g., Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002)
14  ("A district court, however, does not abuse its discretion in denying leave to amend
15  where amendment would be futile.").

16    The Court therefore recommends that defendant's Motion be granted and that
17  plaintiff's TAC be dismissed without leave to amend.

## RECOMMENDATION

20    The Court therefore recommends that the District Court issue an Order: (1)
21  approving and adopting this Report and Recommendation; (2) granting defendant's
22  Motion to Dismiss; and (3) directing that Judgment be entered dismissing this action
23  without leave to amend and with prejudice.

24  DATED: December 2, 2009

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

21

# EXHIBIT "B"

JAN - 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SEND

JAN 3 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| INMATE # | CASE NUMBER |
|---|---|
| K-89434 RONNIE O. BROWN | EDCV08- 11  (JWJ) |

PLAINTIFF(S)

V.

DEPARTMENT ADULT PAROLE OPERATIONS, ET AL.

DEFENDANT(S)

**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE**

**IT IS ORDERED**  that the complaint be filed  without prepayment of the full filing fee.

**IT IS FURTHER ORDERED**   that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of 350.00.  An initial partial filing fee of $ _____  Must be paid within thirty (30) days of the date this is filed. Failure to remit the initial partial filing fee may result in dismissal of your case.  Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____
Date

_____
United States Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**IT IS RECOMMENDED**  that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: filing fee be **DENIED**    for the following reason(s):

☐ Inadequate showing of indigency

☑ Legally and/or factually patently frivolous

☐ Failure to authorize disbursements from prison trust account to pay filing fee

☐ Other: _____

☐ District Court lacks jurisdiction

☐ Immunity as to _____

☐ Failure to provide certified copy of trust fund statement for the last six (6) months

Comments:

_January 10, 2008_
Date

_____
United States Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

☐ **GRANTED**          ☑ **DENIED (See comments above).**

JAN 1 6 2008
Date

_____
United States District Judge

CV-73C (04/06)          ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

Ronnie O. Brown
FULL NAME

14901 Central ave
COMMITTED NAME (if different)

Chino, CA 91710
FULL ADDRESS INCLUDING NAME OF INSTITUTION

K-09434
PRISON NUMBER (if applicable)

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

JAN 31 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Ronnie O. Brown

v.

Dept Adult Parole Operations,
Ricardo pena, F. Sommers
Jon-Jane Doe Regional Adm, etal
PLAINTIFF,

DEFENDANT(S).

CASE NUMBER

EDCV08-0011 (JWJ)

To be supplied by the Clerk

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO (Check one)

☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)



LODGED
CLERK, U.S. DISTRICT COURT

JAN - 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



RECEIVED
CLERK, U.S. DISTRICT COURT

DEC 10 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

a. Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☐ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION   24 U.S.C §1391

This complaint alleges that the civil rights of plaintiff  Ronnie O. Brown
(print plaintiff's name)

who presently resides at  14901 Central Ave Chino, CA 91710
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
California Institution for Men-Chino
(institution/city where violation occurred)

on (date or dates) __03-12-07__ , _____ , _____
           (Claim I)           (Claim II)           (Claim III)

**NOTE:**     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant   __RICARDO PENA__ _____ resides or works at
      (full name of first defendant)

      __14040 Park Ave Victorville, CA 92392__
      (full address of first defendant)

      __Parole AGENT - Peace officer__
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
      __Peace officer__

2. Defendant   __F. SOMMARS__ _____ resides or works at
      (full name of first defendant)

      __14040 PARK Ave Victorville, CA 92392__
      (full address of first defendant)

      __Parole Agent - Peace officer__
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
      __Peace officer__

3. Defendant   __No.1 - John - Jane Doe Warden Fulsum STATE PRISON__ resides or works at
      (full name of first defendant)

      _____
      (full address of first defendant)

      __Warden - Peace officer__
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:

CV-66 (7/97)                 **CIVIL RIGHTS COMPLAINT**                 

4. Defendant  **K. Thacker**
(full name of first defendant) _____ resides or works at

(full address of first defendant)

**Appeals Coordinator. Peace officer**
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5. Defendant  **No-John-Jane DOE   DISTICT MANAGER**
(full name of first defendant) _____ resides or works at

**14040 PARK AVE VICTORVILLE ,CA 92392**
(full address of first defendant)

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

RIGHT TO FREEDOM OF association and FREE SPEECH.
with denial of Precedural Due process OF Law

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

(1) On or abouT March 12, 2007 I was informed That I couldn't employee, contact, or correspond with my son whom I was Legal Guardian over. Ricardo Pena, F. Summer's parole agents Restricted my freedom OF speech, movements, And Rynt To parental Relationship. Without Lawful means But utilized A Repealed undergground Rule, Regulation, or administrative procedure To deny my contact with My son. Which caused a detieroration in our Relationship.

(2) K. Thacker appeals coordinator denied procedural due process To appeal The condition of parole and Refused To process The appeal To The Third Level and conspired with Jeff faggoT To deny The parental Rel

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

**CIVIL RIGHTS COMPLAINT**

1  By means of usage of A Repealed underground
2  Rule, and procedure.

3
4  ③ #1 Jon-Jane Doe Warden folsom state prison condone, Tollerated
5  and allowed mailroom staff To circumvent procedures
6  outlined By administrative law To confiscate mail
7  Restrict Correspondence, Restrict Freedom of speech,
8  without Notice of witholding of mail, or Right To
9  Appeal The action Taken.
10

11
12  ④ The DISTRICT manager for Pg IV Jon-Jane Doe #2 allowed
13  Condoned, Tollerated, Employee misconduct By Ricardo Pena,
14  F. Sommer's To Vwlate stipulated INJUCTIVE COURT
15  order's of procedural due process of Valdivia v. Swarzennappi,
16  To Cause Mr. Brown To suffer Loss of his residents,
17  Clothing, and lively hood due To Racism and hatered
18  motivated and Instilled against Afru americans By
19  Victorville parde Unit.
20

21
22  ⑤ plantff Realleges and reincorporates paragraph
23  1-4 as the moving force and Legal proximate cause
24  To all of plaintiff Sustained Injuries.

25
26

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

① Demand The Sum of $550,000 IN Damages foR
and against each named named offendant.

② Demand TRial By JuRy,

③ Comphensatory nomimal Special damages
including puintive pamages award.

④ Declaritory Relief

⑤ Any further order Just issued By the Court.

_12/6/07_
(Date)

_____
(Signature of Plaintiff)

# EXHIBIT "C"

LODGED

2008 SEP 19 PM 12: 21

_____ COURT
_____ CALIF.

FILED

2008 OCT -6 AM 10: 59

U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INMATE #** K-89434 RONNIE O. BROWN | **CASE NUMBER** BY _____ **EDCV08- 1295 (JWJ)** |
| **PLAINTIFF(S)** v. | |
| COUNTY OF SAN BERNARDINO ALTERNATIVE DEFENSE PANEL, BRANDON WOODS ET AL **DEFENDANT(S)** | **ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE** |

**IT IS ORDERED** that the complaint be filed without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____
Date

_____
United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency

☐ Failure to authorize disbursements from prison trust account to pay filing fee

☐ Failure to provide certified copy of trust fund statement for the last six (6) months.

☐ Other: _____

☐ District Court lacks jurisdiction

☐ Immunity as to _____

☑ Legally and/or factually patently frivolous

Comments: *Plaintiff is attempting to make a civil rights claim against his court appointed attorney. No allegations of collusion or complicity between attorney and state.*

_September 19, 2008_
Date

_____
United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: ☐ **GRANTED** ☑ **DENIED (See comments above).**

OCT - 2 2008
_____
Date

_____
United States District Judge

Full Name

Brown Ronnel O.

Committed Name (if different)

2737 W. Cecil ave
PO. Box 561

Full Address Including Name of Institution

Delano KA 93215

K-59751

Prison Number (if applicable)

RECEIVED AND RETURNED
CLERK U.S. DISTRICT COURT

OCT - 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Ronnel Brown

Plaintiff,

vs.

County of San Bernardino alternative Defense
Panel Brandon wordo et al

Defendants(s).

Case No. CV ED 08 - 1295 (S
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO (check one)

☑ 42 U.S.C. § 1983.

or

(SSO)

☐ Bivens v. Six Unknown Agents
403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1) Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes   ☐ No

2) If your answer to A is yes, how many? _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

LODGED
CLERK, U.S. DISTRICT COURT

SEP 19 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 17 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

_____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit _____

h. Approximate date of disposition _____

# B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1) Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?

☐ Yes   ☐ No

2) Have you filed a grievance concerning the facts relating to your current complaint?

☐ Yes  ☐ No

If your answer is no, explain why not _____

_____

_____

3) Is the grievance procedure completed?

☐ Yes  ☐ No

If your answer is no, explain why not _____

4) Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION 28 USC §1343(a)(3)-(4)

This complaint alleges that the civil rights of plaintiff __Ronnie O. Brown__

(print plaintiff's name)

who presently resides at __2737 W. Cecil ave Deland Ca__ , were violated.

(mailing address or place of confinement)

by the actions of the defendant(s) named below, which actions were directed against plaintiff at

__Victorville Ca__

(institution/city where violation occurred)

on (date or dates) _____

| (Claim I) | (Claim II) | (Claim III) |
|---|---|---|

(You need not name more than <u>one</u> defendant or allege more than one claim; however, make a copy of this page to provide the information below if you are naming <u>more</u> than five (5) defendants.)

1) Defendant __Brandon woods__

(full name of first defendant)

_____ resides or works at

__4600 str. in Victorville, Ca__

(full address of first defendant)

_____ , and is employed as

__officer or boy__

(defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both).

Explain how this defendant was acting under color of law:

__municipality__

2) Defendant _____

(full name of second defendant)

_____ resides or works at

Page 3 of 6

_____

(full address of second defendant) _____ and is employed as

_____

(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

3)  Defendant _____

(full name of third defendant) _____, resides or works at

_____

(full address of third defendant) _____, and is employed as

_____

(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

4)  Defendant _____

(full name of fourth defendant) _____ resides or works at

_____

(full address of fourth defendant) _____, and is employed as

_____

(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

5) Defendant _____

(full name of fifth defendant) _____ resides or works at

_____

(full address of fifth defendant) _____ and is employed as

_____

(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

_____

## E. CLAIMS*

### CLAIM I

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

Supporting Facts:  [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right].

plaintiff was appointed an attorney Branden woods whom had NOT been trained To observe procedural process of attorneychief

there is more than one claim, describe the additional claim(s) on another attached piece of paper using the
: outline.

Relationship, Lack knowledge in Rule on professional Conduct and Business proffessions may deny plaintiff means of communicating. As a legally blind client, plaintiff was not allowed to communicate with attorney effectively, the attorney and county alternative defense panel had NO greivance proudure, would not except telephone calls from clients and gave no address. plaintiff was unable to inform the county counsel alternative defense of his disability needs Concerns for representation, cause he was blind. and no reasonable accomidations was afforded. During any proceedings by the Braudenhands or the courts, cause plaintiff was Blind.

## F. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1. Plaintiff Demands the sum of 2 million dollars for on against each named defenaant in persons.

2. punitive Damage in amount of 6 million dollars for on against each named defenaant for damages.

3. Dema        traial fees

4. Declaratory Judgement          phonis

5. Further Order         Judgment

_____
(Signature of Plaintiff)

9/10/18
(Date)

# EXHIBIT "D"

LODGED

2008 SEP 25 AM 11: 35

CLERK U.S. ... COURT
CENT ..... CALIF.

BY _____

**FILED**
CLERK, U.S. DISTRICT COURT

**OCT – 3 2008**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #

K-89434
**RONNIE O. BROWN**

V.

**PLAINTIFF(S)**

**LEE BACA, ET AL.**

**DEFENDANT(S)**

CASE NUMBER

**CV08- 6311 (JWJ)**

**ORDER RE LEAVE TO FILE ACTION
WITHOUT PREPAYMENT OF FULL
FILING FEE**

---

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____
Date

_____
United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency

☐ Failure to authorize disbursements from prison trust account to pay filing fee

☐ Failure to provide certified copy of trust fund statement for the last six (6) months.

☐ Other:_____

☐ District Court lacks jurisdiction

☐ Immunity as to _____

☑ Legally and/or factually patently frivolous

Comments: Plaintiff's allegations on their face do not state a viable civil rights claim. Based on plaintiff's extensive case filings in this district, it is clear that plaintiff has had substantial and unfettered access to the court.

Sept. 26, 2008
Date

_____
United States Magistrate Judge

---

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: ☐ **GRANTED** ☑ **DENIED (See comments above).**

OCT – 2 2008

_____
Date

_____
United States District Judge



Ronnie O. Brown
K-89434
2737 W. Cecilavc
Delano, CA 93215
In Prose

FILED
AUG 2 8 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254    1983
FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ___ No ___
COMPLAINT TO
Court ___ Prose ___

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
OCT - 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2008 SEP 25  AM 11: 36
CLERK CENTRAL COURT CALIF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV08-6311     (JWJ)
'08 CV 1580 BEN PCL

Ronnie O. Brown,
          Plaintiff,

          V.

C.Lee Baca, LA.Co.Sheriff,
Lawrence, Beach, Allen,
Choi, Arron M. Fontana
Attorney's AT LAW. et
          Defendants

Case NO.ASE
Civil Rights Complaint
42 USC § 1981, 1983, 1985
UN Ruh Act C.C.§117, 52

                    I.
                  Parties

1. Ronnie O. Brown is a state prisoner and a competent adult
and United States Citizen of america and current Resident of
CA. Located 2737 W. Cecila Delano, ca 93215 Lee Baca is The
Los Angeles county sheriff, Strickland, Lawrence, Beach, Alle
Choi, and arron M. fontana are Retained counsel
Representing Lee Baca sheriff, and county of Los Angeles. al
current Residents of Los Angeles County.

                    1

## II

### Introduction

2. This is A civil rights Complaint coming under 42 U.S.C§ 1981, 1983, and 1985 For civil rights violation by persons acting under color of law and/or private persons whom has Conspired To deny The equal protections of Laws, Constitutions, Treaties, and/or priveleges and immunities from giving effect, while working as An attorney for Lee Baca sheriff L.A. County. Said Lawfirm did willfully, unlawfully, and Recklessly, attempt To deny plaintiff A remedy or Relief To procedural Enforcement of The civil rights Act each of them acting in Concert.

## II

### Jurisdiction

3. 28 U.S.C § 1391 (b)  28 U.S.C § 1393 (a)-(b), federal Question Demand For Jury trial.

## II

### Statements of Claims

4. plaintiff is a legally blind State prisoner under ADA and Litigant To Brown vs Baca CIV-07-00819 CAS JWJ, And on June 15, 2008 Arron M. fontanna having recieved written notice of A court order To take all steps necessary To assist plaintiff TO have access TO A court proceeding denied with disobedience The court order and also denied documents requested by

Said individual Arron M. fontana and Lee Baca sheriff Both working in concert discriminated against the plaintiff cause he his blind and disobeyed the Court order.

5. plaintiff was denied procedural assistance to (court) a proceeding or denied equal protections of Laws to participate by filing Legal documents To a civil rights Act before a court because Retained attorney Lawrence, Beach, Allen, choic, and Arron fontana Conspired Together To deny Equal protections of the Laws and without a reasonable assistance To A pretrial detain after ordered By a court To do so.

plaintiff is legally blind ordered by a doctor :__not__ reading fine print and defendant wouldn't assist. plaintiff Because of his handicapp of Being Blind after Requested By the plaintiff To help.

6.

**Relief**

1. plaintiff demands The Sum of $800,000 from each named defendant for Compensatory, nominal damages.

2. punitive Damages in the about of $10 millon dollars for and against each named defendant.

3. Demand By Jury

4. Declaratory Relief of plaintiff Rights

5. Just and further order By The Court.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS

Ronnie O. Brown

Baca, et al

**FILED**

AUG 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFO
BY _____ DE

(b) COUNTY OF RESIDENCE OF FIRST LISTED   Kern
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ronnie O. Brown
PO Box 4999
Delano, CA 93215
K-89434

ATTORNEYS (IF KNOWN)

'08 CV 1580 BEN PCL

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 42 U.S.C. 1983

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☑ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):   JUDGE

Docket Number

DATE   8/28/2008

SIGNATURE OF ATTORNEY OF RECORD

[signature]